# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MICHAEL J. STUBBS,            *

Petitioner                    *

v                             *     Civil Action No. PX-18-2023

WARDEN TIMOTHY J. STEWART,    *

Respondents                   *

\*\*\*

## MEMORANDUM OPINION

Michael J. Stubbs, is an inmate incarcerated at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"). In this self-represented petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, Stubbs challenges the Federal Bureau of Prison's ("BOP") determination that he is ineligible for early release under 18 U.S.C. § 3621(d) upon the successful completion of the Residential Drug Abuse Treatment Program ("RDAP"). ECF No. 1. As relief, Stubbs asks that he be afforded one-year early release upon his successful completion of RDAP. *Id*.

Respondent Warden Timothy Stewart ("Stewart") moves to dismiss the complaint, or alternatively for summary judgment. ECF No. 4. Stubbs opposes the dispositive motion (ECF No. 6), and Stewart has filed a reply. ECF No. 7. The case is ready for disposition and the Court now rules pursuant to Local Rule 105.6 because a hearing is not necessary. Respondent's motion, construed as one for summary judgment, IS GRANTED.

### I. Background

On April 21, 1999, Stubbs was convicted by the State of Ohio of two counts of robbery. ECF No. 4-2 at p. 6, ¶¶13-14 (Zurovec Declaration). In August of 2002, Stubbs was sentenced in the United States District Court for the Northern District of Ohio to serve 140 months in federal

custody, followed by four years of supervised release, for a violation of 18 U.S.C. § 841(a)(1) and § 846 (conspiracy to possess with intent to distribute cocaine base).[1] ECF No. 4-2, ¶ 2; ECF No. 4-2 at p. 15-27; *see United States v. Stubbs*, Case No. 1:02-CR-40-14 (N.D. Ohio). Stubbs was placed on supervised release on October 9, 2012, having been released from BOP custody with good conduct credit. ECF No. 4-2, ¶ 2.

On April 4, 2017, the district court revoked Stubbs' supervised release terms based on Stubbs' commission of new offenses in 2014. ECF No. 4-2, pp. 29-30. He was sentenced to 48 months confinement and has a projected release date of September 21, 2020. ECF No. 4-2, ¶ 2; ECF No. 4-2, p. 30.

While Stubbs has been serving his term on the supervised release violation, BOP reviewed whether Stubbs' would be entitled to a sentencing reduction were he to complete the RDAP program. ECF No. 4-2 at ¶¶ 11, 14. The BOP determined that Stubbs was precluded from early release pursuant to 18 U.S.C. § 3621(e) because his state robbery convictions, imposed in April of 1999, occurred within 10 years of the original sentence for his 2002 drug conviction. ECF No. 4-2 at ¶ 14; ECF 4-2 at p. 56-57.[2]

Stubbs contends that the BOP erred in finding that the 1999 state robbery convictions occurred within ten years from his federal narcotics offense. More particularly, Stubbs argues that because the robbery convictions occurred more than ten years from the sentence imposed on his revocation of his supervised release, he is entitled to the one-year reduction pursuant to 18 U.S.C.

---

[1] On October 22, 2002, the Court issued an amended judgment to reflect Stubbs' correct Federal Register Number. ECF 4-2 at ¶ 2.
[2] BOP staff also determined that the underlying robbery conviction constitutes a disqualifying crime under 28 C.F.R. §550.55(b) by comparing the elements of the state offense to the elements of the relevant enumerated offense listed in the FBI's Uniform Crime Reporting ("UCR") Program's database definitions. ECF No. 4-2, p. 57. Stubbs does not challenge this aspect of the BOP's determination.

§ 3621(e) upon RDAP completion. ECF No. 1 at p. 9-10. For the following reasons, the Court cannot agree with Stubbs.

## II.     Standard of Review

The Federal Rules of Civil Procedure apply to federal habeas corpus proceedings to the extent the Rules do not conflict with any statutory provisions or the rules governing habeas corpus proceedings. *See* R. 12, Rules Governing § 2254 Cases.[3] Additionally, if it plainly appears from the petition and any attached exhibits that the Petitioner is not entitled to relief in the district court, the petition must be dismissed. *Id*. at Rule 4.

Summary judgment is proper when the moving party demonstrates that "no genuine dispute as to any material fact" exists when construing all facts and all justifiable inferences in the light most favorable to the nonmoving party. Fed. R. Civ. P. 56(a) & (c)(1)(A); *see also Ricci v. DeStefano*, 557 U.S. 557, 585–86 (2009); *Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). A mere "scintilla of evidence" suggesting a material dispute cannot defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Rather, the record evidence must demonstrate that a reasonable trier of fact could find in favor of the nonmoving party. *Matsushita Elec Indus Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III.    Analysis

Stubbs brings this case pursuant to 28 U.S.C. § 2241, which permits a prisoner to file suit against the BOP for "a violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). The pertinent federal statute in this case, 18 U.S.C. § 3621(b), authorizes the BOP to implement drug abuse treatment programs such as RDAP and permits possible early release upon successful RDAP completion. 18 U.S.C. §

---

[3] The district court may apply the rules governing § 2254 petitions to any habeas corpus petition that does not concern a challenge to custody pursuant to a state-court judgment. R. 1(a), Rules Governing § 2254 Cases.

3

3621(e)(2)(B) (participant's prison term "may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.").

Section 3625 of the same Title expressly exempts from judicial review BOP action as applied to "the making of any determination, decision, or order under this subchapter." 18 U.S.C. § 3625. *See also Minotti v. Whitehead*, 584 F. Supp. 2d 750, 761 (D. Md. 2008) (judicial review of any BOP "adjudication," defined as a "retrospective particularized fact-finding for each prisoner."). As part of BOP's broad decision-making power, the agency "shall designate the place of the prisoner's confinement." 18 U.S.C. § 3621(b). *See also Ingram v. Thomas*, 2011 WL 1791234 at *2 (D. Or. 2011). Likewise, the BOP is vested with determining whether RDAP participation warrants early release. 18 U.S.C. § 3621(e)(2)(B).

The BOP has promulgated criteria for determining early release eligibility, *see* 28 C.F.R. § 550.55, and issued Program Statement 5162.05 (Categorization of Offenses) to implement the statute. These criteria have been upheld as a valid exercise of agency discretion under 18 U.S.C. § 3621(e)(2)(B). *See Lopez v. Davis*, 531 U.S. 230, 240 (2001) (recognizing BOP authority to deny early release for RDAP completion where felony conviction involved a firearm); *Cunningham v. Scibana*, 259 F.3d 303, 306 (4th Cir. 2011); *Minotti*, 584 F.Supp.2d 750 (D. Md. 2008).

Whether inmates receive early release under § 3621(e)(2)(B) is left "solely to the discretion and expertise of the BOP." *Pelissero v. Thompson*, 170 F.3d 442, 447 (4th Cir. 1999*). See also Penalosa v. Warden, FCI Cumberland*, 2017 WL 79941, at *2 (D. Md. Jan. 6, 2017) (quoting 18 U.S.C. § 3621(e)(2)(B)). "The language of §3621(e)(2) is permissive, stating that the BOP may grant inmates early release. It does not guarantee eligible inmates early release." *Id*. (citing *Lopez*, 531 U.S. at 241 (2001)).

Here the BOP's determination turned on whether Stubbs' 1999 robbery convictions occurred "within the ten years prior to the date of sentencing for their current commitment . . . ." 28 C.F.R. § 550.55(b)(4)(iii). The BOP determined that the "sentencing" for the current supervised release violation was simply an extension of the original imprisonment term. Thus, the lookback period for purposes of determining whether Stubbs' robbery offense disqualifies him from early release remains the same; 2002 when the original imprisonment sentence was imposed.

This Court finds that the BOP was within its authority to consider Stubbs' revocation sentence as part of his original sentence. Post-revocation penalties are generally attributed to the original conviction. *Johnson v. United States*, 529 U.S. 694, 700-01 (2000); *United States v. Ward*, 770 F.3d 1090, 1094 (4th Cir. 2014) (stating that the *Johnson* Court "'expressly rejected the argument that revocation and reimprisonment should be characterized as punishment for a violation of the conditions of supervised release." ); *United States v. Evans*, 159 F.3d 908 (4th Cir. 1998) ("term of supervised release, the revocation of that term, and any additional term of imprisonment imposed for violating the terms of the supervised release are all part of the original sentence.") (citing *United States v. Woodrup*, 86 F.3d 359, 361 (4th Cir. 1996), *cert. denied*, 519 U.S. 944 (1996)). Indeed, Courts have, in varying contexts, uniformly determined that a sentence for a supervised release violation "relates back" to the underlying offense for which the defendant was first convicted. *United States v. Barrett*, 691 F. App'x 722, 723 (4th Cir. 2017). *See also United States v. McAllister*, 687 F. App'x 303 (4th Cir. 2017); *Donald v. Hudgins*, 2018 WL 4519194 * 9 (D.S.D. Aug. 13, 2018). Accordingly, the BOP acted consistently with well-established law, and properly exercised its discretion in finding that Stubbs' 1999 robbery convictions -- having been sustained within ten years of the 2002 original sentence for which he is serving a supervised release revocation sentence -- renders him ineligible for early release. The

motion for summary judgment is therefore granted and the petition is denied and dismissed. A separate Order follows.

| 12/4/18 | /S/ |
|---|---|
| Date | Paula Xinis<br>United States District Judge |